UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ARCHBISHOP SHAW BUILDING | * | CIVIL ACTION NO. 25-2120 |
| ASSOCIATION DBA KNIGHTS | * | |
| OF COLUMBUS | * | |
| | * | |
| VERSUS | * | JUDGE: |
| | * | |
| NAUTILUS INSURANCE COMPANY | * | |
| and ABC INSURANCE COMPANY | * | |
| | * | MAG. JUDGE: |

**NAUTILUS INSURANCE COMPANY'S**
**NOTICE OF REMOVAL**

Nautilus Insurance Company ("Nautilus") respectfully submits this Notice of Removal. In support of this Notice of Removal, Nautilus states as follows:

**INTRODUCTION**

1. On August 26, 2025, plaintiff filed this lawsuit in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, where it was assigned Case No. 868-219. *See* Entire State Court record, attached as Exhibit A, *in globo*. In the lawsuit, plaintiff alleges that Nautilus is liable for property damage that occurred on April 10, 2024 at plaintiff's property in Metairie, Louisiana "when an abnormal amount of water from washing dishes after a large event overwhelmed the kitchen sink drainage system, causing water to back up and overflow from the toilets in the building's bathrooms." Petition at ¶ 8. Nautilus denied coverage for the loss because the applicable insurance policy excludes coverage for "[w]ater that backs up or overflows or is otherwise discharged from a sewer, drain, sump, sump pump or related equipment." Plaintiff challenges Nautilus' coverage denial and seeks statutory bad faith penalties and attorneys' fees under La. R.S. 22:1892 and La. R.S. 22:1973.

2. The 24th Judicial District Court is a state court within the Eastern District of Louisiana.

3. This Court has jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441 because there exists complete diversity of citizenship and the amount in controversy – as demonstrated through invoices submitted by plaintiff for the alleged claim-related repairs – exceeds $75,000, exclusive of interest and costs.

## REMOVAL IS TIMELY

4. This notice of removal is timely filed under 28 U.S.C. § 1446(b), which provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

5. On September 11, 2025, Nautilus was served with plaintiff's lawsuit.  Exhibit A.  Therefore, the removal is being filed within 30 days of service of plaintiff's lawsuit.  *Id.*

6. Plaintiff filed the lawsuit on August 26, 2025, so the removal is being filed within one year of commencement of the action.  *Id.*

## DIVERSITY JURISDICTION

7. The Court has original diversity jurisdiction over plaintiff's claims because the parties are completely diverse and because plaintiff seeks damages in excess of $75,000, exclusive of costs and interest.

### *The Parties Are Completely Diverse*

8. Plaintiff is an unincorporated association.  The citizenship of an unincorporated association is the citizenship of each of its members.  *Louisiana Rest. Ass'n, Inc. v. Certain Underwriters at Lloyds, London*, 573 F. Supp. 3d 1054, 1058 (E.D. La. 2021) ("An unincorporated association has no separate legal identity so its citizenship, at least for purposes of diversity

2

jurisdiction, is the citizenship of each of its members.").  Plaintiff's counsel provided a list of all members of the unincorporated association, which is attached hereto as Exhibit B. Members of the association are domiciled in the States of Louisiana, Alabama, Florida, Missouri, Pennsylvania, and Texas. Plaintiff, therefore, is a citizen of Louisiana, Alabama, Florida, Missouri, Pennsylvania, and Texas.  None of the members of plaintiff are domiciled in Arizona, so plaintiff is not a citizen of Arizona.

9.  Nautilus is a nongovernmental corporation organized and existing under the laws of the State of Arizona, with its principal place of business in Scottsdale, Arizona.  *See* Nautilus's Louisiana Department of Insurance Profile, attached as Exhibit C. Nautilus, therefore, is a citizen of Arizona.

10. Plaintiff named ABC Insurance Company, "the liability insurer of Nautilus," as a defendant Petition at ¶ 3.

11. ABC Insurance Company is a fictitiously named defendant.

12. The citizenship of ABC Insurance Company, to the extent such an entity even exists, can be disregarded.  28 U.S.C. § 1441 provides, "In determining  whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."  *See also Beiriger v. Medtronic Dofamor Danek USA, Inc*., No. 17-742, 2017 WL 8944085, at *4 (M.D. La. Nov. 30, 2017) ("Under the mandatory language of 28 U.S.C. § 1441(b)(1), the Court will not consider the citizenship of ABC Insurance Company, DEF Insurance Company or XYZ Insurance Company, which are fictitiously named defendants, in determining whether the Court has subject matter jurisdiction over this matter."); *Markey v. Winn-Dixie Stores, Inc*., No. 18-6601, 2018 WL 4140942, at *2 (E.D. La. Aug. 29, 2018) (denying motion to remand because

3

"the citizenships of 'ABC Insurance Company' and 'Aisle Manager' are not currently relevant").

13. Furthermore, the allegations in the petition do not state a claim against the liability insurer of Nautilus.  Thus, even if ABC Insurance Company was not a fictitiously named defendant, ABC Insurance Company is improperly joined, and its citizenship must be disregarded.

### *The Amount in Controversy Exceeds $75,000*

14. Nautilus, as the removing party, "must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]."  *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).  The removing party can meet this burden by demonstrating that it is facially apparent from the petition that the claims are likely above $75,000, or, where it is not facially apparent, by setting forth facts in controversy that support such finding.  *Id.* at 1253-54.

15. Nautilus issued commercial package policy no. NN1657725, effective from 3/16/2024 – 3/16/2025, to plaintiff insuring the property located at 4021 Trenton Street, Metairie, Louisiana 70002. The policy provides coverage limits of $288,000 for the Building and $15,000 for Business Personal Property.  The deductible is $2,500.

16. Regarding damages allegedly owed under the insurance contract, plaintiff alleges that its property sustained water damage when water overflowed from the toilets in the building's bathrooms.  Petition at ¶ 8.

17. Prior to filing this lawsuit, plaintiff submitted to Nautilus the following invoices for claim-related repairs to the building:

| Company | Amount |
|---|---|
| All Dry Services of GNO | $18,105.23 |
| J&D Multiservices | $25,625.00 |
| FloorCo, Inc. | $6,577.34 |
| Cole's Plumbing | $600.00 |
| Pipe Wizard Plumbing | $5,545.00 |
| Kitchen Sink Replacement | $452.78 |
| **TOTAL** | **$56,905.35** |

*See* Trevino Declaration with Invoices, attached as Exhibit D. Considering the $2,500 deductible, plaintiff has put at least $54,405.35 in dispute under the insurance contract.

18. Furthermore, in addition to the $54,405.35 in dispute under the insurance contract, plaintiff also alleges that Nautilus is liable for statutory bad faith penalties and attorneys' fees under La. R.S. 22:1892, an allegation that Nautilus denies. *See* Petition at ¶¶ 20, 27-32.

19. Although Nautilus denies any liability, penalties and attorneys' fees are included in determining the amount in controversy for purposes of diversity jurisdiction. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy."); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy."); *Malone v. Scottsdale Ins. Co.*, No. 12-1508, 2012 WL 6632440, at *3 (E.D. La. Dec. 19, 2012) ("Claims for attorney's fees and penalties that may be awarded pursuant to state statutes are considered in determining whether the amount in controversy requirement has been satisfied."); *Randall v. State Farm Fire & Cas. Co.*, No. 11-1358, 2011 WL 3204705, at *2 n. 17 (E.D. La. July 27, 2011).

20. The penalty assessed under La. R.S. 22:1892 is **fifty percent** of the difference between the amount paid and the amount found to be due, as well as attorneys' fees. La. R.S. 22:1892(B)(1) (emphasis added).

21. A fifty percent penalty on the $54,405.35 in dispute under the insurance contract is $27,202.68, raising the amount in controversy to at least $81,608.03 before consideration of plaintiff's claim for attorneys' fees.

22. In first party property damage cases, like this one, courts frequently award between 20 and 33 1/3 percent attorneys' fees. *Eaux Holdings LLC v. Scottsdale Ins. Co.*, No. 20-01582, 2022 WL 951529, at *2 (W.D. La. Mar. 29, 2022), amended, No. 20-01582, 2022 WL 2393605 (W.D. La. July 1, 2022) (awarding 20 percent attorneys' fee award); *Sugartown United Pentecostal Church Inc. v. Church Mut. Ins. Co.*, No. 21-01672, 2022 WL 4074621, at *1 (W.D. La. Sept. 2, 2022) ("The Court finds it reasonable to assess the attorney fees based on Plaintiff's counsel's contingency fee at 33 1/3% of all sums awarded."); *First United Pentecostal Church v. Church Mut. Ins. Co.*, No. 21V-04014, 2023 WL 5822213, at *10 (W.D. La. Sept. 8, 2023) (awarding 33 1/3 percent attorneys' fee award). Thus, plaintiff's claim for attorneys' fees under La. R.S. 22:1892 pushes the amount in controversy even further above $75,000.

## CONCLUSION

23. There exists complete diversity of citizenship between plaintiff and Nautilus, and the amount in controversy exceeds $75,000, exclusive of costs and interest. These facts confer upon this Court original jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441. Accordingly, Nautilus requests that this Court assume jurisdiction over this case.

Respectfully submitted,

*/s/ Patrick J. Lorio*
H. Minor Pipes, III, 24603
Patrick J. Lorio, 38328
PIPES | MILES | BECKMAN, LLC
1100 Poydras Street, Suite 3300
New Orleans, Louisiana 70163
Telephone: (504) 322-7070
Fax: (504) 322-7520
mpipes@pipesmiles.com
plorio@pipesmiles.com

*Attorneys for Nautilus Insurance Company*